6NS 659
f119 703

---

### RAGUET'S HEIRS vs. BARRON.

APPEAL from the court of probates of the parish and city of New Orleans.

PORTER, J. delivered the opinion of the court. The defendant purchased immoveable property at the sale of the estate of the ancestor of the plaintiffs. The term of the sale were one and two years credit in notes satisfactorily indorsed, with special mortgage until final payment.

Having failed to comply with his agreemen a rule was taken on him to shew cause why he

Co-heirs of a minor, under the pre-existing law, might be members of a family meeting

Eastern Dis. should not be compelled to perform it, to which
April, 1828. he answered, that the family meeting, in virtue
RAGUET of whose deliberations the property had been
vs. directed to be sold, was composed of relations
BARRON. who had an interest in the matter on which
they decided; that the sale was, consequently,
made without the legal formalities, and the ti-
tle to the respondent defective.

The court confirmed by its decree the cor-
rectness of the defence, and the plaintiffs ap-
pealed.

Before noticing the merits, an objection made
by the plaintiffs must be disposed of. They con-
tend the court of probates had no jurisdiction
of the matter; that it was through error they
went there; and, that the defect being one *ra-
tione materiæ*, consent cannot cure it.

We think the plaintiffs were right in their
first opinion on this subject, and wrong in their
second. The court of probates has jurisdic-
tion to compel purchasers to make their con-
tract complete by affixing their signatures and
giving their note. The plaintiffs have argued
this point as if the defendant had accepted the
title, given his obligations, and that this was an
action to enforce their payment, when the ap-
plication is merely to make the contract, which

was inchoate by the bidding, complete by exe-
cuting the writings necessary to render it so.—

The court having power to order the sale, has, as a necessary incident, the power to make these sales in a legal manner.

The family meeting was composed, in part, of co-heirs of the minor; and it is contended, that as they were joint proprietors with her, they could not legally deliberate and decide on the propriety of selling the property.

This case arose previous to the late act of the legislature on this subject, and must be decided by the law as it then stood.

That law contained no positive provision which excluded the nearest relations who are joint owners with the minor. But the appellee contends there exists one in the reason of the thing; that those who have an interest in the property cannot be impartial judges of the propriety of selling it, because their opinion must be more or less influenced by the consideration of the effect the sale will have on their own interests.

We were struck on the argument with the force of the objection, but our reflections since, have much weakened the influence we were at first disposed to give it. The law having

declared that heirs either major, or minor, cannot be compelled to remain owners in common it follows they cannot be influenced by the desire to retard or hasten the partition, for they have no power over it. In the manner in which the partition should be made they seem to be equally without an avderse interest to the minor, for if that property is to be divided in kind, whatever influence the division may have on a portion of the property partaken it will have on the other, more particularly as the lots must be drawn for, and chance decides to which of the heirs each lot must fall. If on the contrary it is to be sold together, all would share alike in the profit or the loss arising from the sale. There is then no conceivable interest in the heirs of full age giving false and pernicious advice except that suggested by counsel in the written argument, that being owners in part, hey might be anxious to sell because they could buy to more advantage than strangers, who would be obliged to furnish the whole price of the property, while they would only have to pay that portion of which they were not owners. But the interest is so remote and uncertain, where the sale is to be made on credit, that we cannot, on that ground, pronounce the

incompetency of the co-heirs to form a family
meeting.

The late act of the legislature, excluding persons such as those who formed the family meeting in this instance, strengthens this conclusion. If the law, previous to its passage, was as it is contended by the appellee, the act was vain and unnecessary. It is true that the introduction of a provision by statute in this country, is not, as has been properly urged, conclusive evidence that the law, previous to the enactment, was otherwise, but in doubtful cases it creates a presumption it was so, and the weight which properly belongs to the presumption, cannot be disregarded by a court of justice.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be annulled, avoided and reversed : And it is further ordered, adjudged, and decreed, that the defendant do, within ten days from the rendition of this judgment, comply with the contract entered into by him in bidding for the property at the sale of the estate of the ancestors of the plaintiffs, or, that in default thereof, a writ of destringas issue to compel him there-

RÁGUET
*vs*
BARRON.

to ; and it is further ordered, that he pay costs in both courts.

*Seghers* for the plaintiffs, *Pierce* for the defendant.